## CITY OF NEW ORLEANS *v.* CRESCENT NEWSPAPER.

Art. 106 of the State Constitution, which declares that " *the press shall be free*," does not exempt capital invested in a newspaper from taxation.

The decision in the case of the *City of New Orleans* v. *E. J. Hart & Co.*, ante p. 803, affirmed.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *W. O. Denègre,* for plaintiff. *J. Magne,* for defendants and appellants.

BUCHANAN, J. This is a suit for a city tax of seventy-five dollars, upon capital, for the year 1856. The capital was invested in a daily newspaper, printed and published in the city of New Orleans.

The defence set up is, illegality and unconstitutionality of the tax. Defendants plead that the imposition of a tax by the municipal authority, upon newspaper property, is a violation of Article 106 of the State Constitution, which reads as follows :

" The press shall be free. Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for an abuse of this liberty."

The learned counsel of defendants founds his argument upon the first sentence of this Article ; and urges, that, being a perfect sentence in itself, terminated by a full stop, and embodying a doctrine absolute and unqualified, this court is bound to give to it the utmost latitude of meaning of which the words are susceptible ; and accordingly, as in fiscal matters, merchandise is said to be *free,* which is not liable to a duty of importation, it follows that the stock of a printing establishment cannot be taxed.

We do not thus understand the Article of the Constitution. The second sentence of that Article explains and elucidates the meaning of the first sentence. *The press is free ;* that is to say, every citizen may publish his sentiments on all subjects. No censorship of the press shall exist. No officer of government shall dictate what may, or what may not be printed. Such is the freedom of the press, as secured by this Article. And note the restriction upon that freedom ; a restriction operating, not in the form of prevention, (which would be impossible without a censorship,) but in the form of penalty. The publisher, says the Article, is responsible for an abuse of the freedom of publication. The limitation, no less than the grant, points evidently to a different kind of freedom from that fiscal freedom for which the defendants contend.

The grounds of illegality in the assessment of this tax, are the same as alleged in the case of the *City* v. *E. J. Hart & Co.*, just decided. For the reasons there given, this defence is overruled.

There is an illegality apparent upon the face of the record, which we are bound to correct. The judgment of the District Court allows five per cent. commission upon the amount of the tax to the Assistant City Attorney, to be paid by defendants.

The allowance is claimed under a State law, which has been repealed, as was decided by us in the case of the City v. Jeter, 13 An. 510.

In the absence of a State law, this commission is to be viewed as a penalty imposed by authority of a municipal corporation, of which the legality is examinable in this court, under the terms of Article 62 of the Constitution. This point has been decided in the case quoted above.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended; and that plaintiff and appellee recover of defendants and appellants, seventy-five dollars, with interest at the rate of one per cent. a month from the 7th of July, 1857, until paid, and costs of the District Court; those of appeal to be paid by plaintiff.